## (December 28, 1970)

■ ADRIANNE RYAN, Appellant, v. TRUSTEES OF THE ICE CREAM INDUSTRY DRIVERS AND ICE CREAM EMPLOYEES UNIONS PENSION FUND, Respondents.—

No opinion.

Benjamin, J. (dissenting). This appeal has been brought by plaintiff who, as beneficiary of her deceased husband, claims benefits under a pension plan set up by her late husband's employer. The main issue is whether plaintiff's husband, at the time of his death, had a vested right to receive pension benefits.

On February 19, 1968 plaintiff's now deceased husband filed an application for a 35-year pension. He indicated the date June 30, 1968 in the application as the effective retirement date. Under the terms of the pension plan, however, June 7, 1968 was the automatic retirement date at age 65, with benefits payable on July 1, 1968. On April 18, 1968 defendants, because of the decedent husband's age and retirement date, treated his application as one for a normal pension and advised him that he had been found eligible to receive monthly benefits of $200 as of July 1, 1968, predicated upon his automatic retirement on June 7, 1968. (Under either the normal or 35-year pension the decedent would have been entitled to monthly payments of $200.) Plaintiff's husband reached 65 years of age on June 7, 1968 and died on June 20, 1968. Plaintiff then unsuccessfully sought to obtain benefits allegedly due her under the pension plan. She then commenced the action which resulted in this appeal.

Defendants urge that the effective date of plaintiff's decedent husband's pension was July 1, 1968 and not June 7, 1968 when he reached the age of 65; that the deceased was not a pensioner who died within five years after July 1, 1968; and that the plaintiff widow had no derivative rights under section 6 of article IV of the pension plan.

Section 6 of article IV provides that benefits are payable to a deceased pensioner's spouse (plaintiff) if the deceased employee fulfilled certain requirements. One of the requirements is that the decedent, at the time of his death, was a pensioner receiving a normal or 35-year pension. According to section 9 of article I of the pension plan, a pensioner is one formerly employed who had received pension benefits under the pension plan. The other requirement is that the pensioner shall have died within five years after the effective date of his pension benefits.

Special Term rejected the argument urged by the plaintiff, that her husband automatically retired and that his rights to pension benefits vested on June 7, 1968 when he reached 65 years, and held that section 1 of article VI, which defined the effective date of pension benefits as the first day of the first calendar month subsequent to the fulfillment of the necessary qualifications and withdrawal from employment (July 1, 1968) controlled.

I cannot agree with the result reached by Special Term and affirmed by a majority of my colleagues. Section 10 of article IV governs and states in clear language as follows: "Employees shall be automatically retired upon attaining age sixty-five (65) except that any such Employees who have at least twelve (12) years of credited service upon attaining age sixty-five (65) shall not be required to retire until they have completed fifteen (15) years of credited service at which time they shall be automatically retired."

When plaintiff's husband became 65 years of age on June 7, 1968, he had in excess of 15 years' service. Therefore on that date he was subject to automatic retirement. Since he was then retired, he became entitled to a pension, the exact type and the amount of benefits depending on the amount of credited service.

Further, I do not believe that the writers of the pension plan (which was the result of a collective bargaining agreement) intended to include a "death gamble" provision in it, between the automatic retirement date and the first day of the succeeding month. If it be assumed that such a provision was included in the plan, such a clause would be invalid, as it is discriminatory in favor of persons whose anniversary dates fall late in a particular month. Under such interpretation a man who celebrates his 65th birthday at the beginning of a month is confronted with the "death gamble" provision for the balance of that month, while an individual who reaches 65 years at the end of the month is confronted with a "death gamble" for a much shorter period of time. Surely this was not the intention of the writers of this pension agreement and, in the absence of clear and unequivocal language, an unequal "death gamble" cannot be read into the pension plan so as to work a forfeiture of the plaintiff widow's rights. It is my opinion that the benefits vested when the plaintiff's husband reached his 65th year and was automatically retired. June 7 (decedent's 65th birthday) was the operable date regardless of which date was contained in the retirement application.

That part of the agreement which says the effective date shall be no earlier than the first day of the first calendar month after retirement is obviously merely a bookkeeping device so that all pension checks would be sent out on the first of the month, rather than on different days depending upon when the employees retired.

I am therefore of the opinon that the order should be reversed, that summary judgment should be granted to the plaintiff and denied to the defendants, and that the plaintiff should receive all accrued payments and all future payments in accordance with the terms of the plan.

Christ, P. J., Latham and Brennan, JJ., concur in decision. Benjamin, J., dissents and votes to reverse the order, to grant plaintiff's motion and to deny defendants' cross motion, with an opinion, in which Kleinfeld, J., concurs.

Order affirmed, with $10 costs and disbursements.